This affidavit is stricken. As the principal from
Ramapo Realty LLC was previously advised, that
entity may only appear in this Court through
counsel.
SO ORDERED: 12/16/09

/Signed by Judge Brian M. Cogan/
U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HARVEY L. GREENBERG, ESQ.,

As Guardian of the Property of ADRIENNE SEALY a/k/a
ADRIAN SEALEY, a/k/a ADRIENNE SEALY
HARDESTY a/k/a ADRIAN SEALY,

                    Plaintiff,

-against-

JOEL BLAKE, JEFFREY SPENCER, GUARANTEE
HOMES LLC, NORTHEAST NY, LLC, YOSEF
ABERJEL, GURSIM HOLDING, INC., MANJEET
BAWA, SONIA BAWA, BANK OF AMERICA, N.A.,
RAMAPO REALTY, LLC, LEAF FUNDING, INC., SKC
CORP., JANE and JOHN DOES whose names are
presently unknown, and XYZ Corporation, whose name is
presently unknown,

                    Defendants.
----------------------------------------------------------------X

AFFIDAVIT IN
OPPOSITION TO
MOTION TO
DEFAULT DEFENDANT
RAMAPO REALTY, LLC

CV: 09-4347BMC

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

        ROBERT A. MARGOLIN, upon being duly sworn, deposes and says:

        1.     I am over 18 years of age. I am a managing member of defendant Ramapo Realty LLC ("Ramapo"). I have knowledge of the facts stated herein. I make this affidavit in opposition plaintiff's motion to default Ramapo Realty, LLC.

        2.     First, I am advised Ramapo is not in default. Annexed as Exhibit A is a copy of the affidavit of purported service of process upon Ramapo via the New York Secretary of State. The affidavit does not state a duplicate copy was left with the Secretary of State for forwarding to Ramapo. I am advised New York Limited Liability Companies Law Section 301-A(2) requires, for service upon the Secretary of State to be effective, a duplicate copy has to

be left with the Secretary of State and delivered to the LLC or sent to the LLC by registered or certified mail. There is no verification this delivery or mailing was completed. Ramapo never received a copy of the summons and complaint in this action. Since service of process was never effected, Ramapo is not in default.

3. Second, the motion to default Ramapo is certified by Kimberly Duffy's affidavit submitted therewith, as having been served on Northeast NY, LLC at 1059 Fulton Street, Brooklyn, New York 11238. This is not Ramapo's address. There is no relation between Ramapo and Northeast NY, LLC. The instant motion was therefore not properly served.

4. Third, I was at the conference held on November 30, 2009. I am advised the Court docket of the conference on that date grants defendants until December 14, 2009 to answer. Notably, the plaintiff's motion is dated December 9, 2009.

5. On December 11, 2009 Ramapo's title insurance carrier retained the firm Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, of 36 West 44th Street, New York, New York 10036 to defend Ramapo in this matter. I anticipate Ramapo's answer will be served and filed shortly subject to the above jurisdictional defenses.

WHEREFORE, plaintiff's motion to default Ramapo should be denied in all respects.

_____
ROBERT A. MARGOLIN

Sworn to before me this
14th day of December, 2009

_____
Notary Public

LEONARD CECERE
Notary Public - State of New York
NO. 01CE4711987
Qualified in New York County
My Commission Expires _____ 2010

2